**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| THURMAN LEROY SPENCER, | No. 11-15326 |
| Petitioner-Appellant, | D.C. No. 2:05-CV-02456-GEB-KJN |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA; ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA ROY CASTRO, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted December 4, 2012
San Francisco, California

Before: CUDAHY,[**] TROTT, and RAWLINSON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Richard D. Cudahy, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

We write primarily for the parties who are familiar with the facts. Thurman Spencer was charged with multiple firebombings. A jury convicted Spencer of two counts of premeditated attempted murder (Cal. Penal Code §§ 664, 187(a)), two counts of arson of a structure (Cal. Penal Code § 451(b)), and two counts of exploding a destructive device with intent to commit murder (Cal. Penal Code § 12308). On October 15, 2002, the state trial court sentenced Spencer to two consecutive life sentences. The state court of appeals affirmed Spencer's judgment and the California Supreme Court denied review.

On December 5, 2005, Spencer filed a federal petition. On January 18, 2011, the district court denied the petition, entered judgment and granted Spencer a Certificate of Appealability.

Spencer appeals the district court's denial of a petition for habeas corpus by a person in custody pursuant to the judgment of a state court. Spencer raises nine issues on appeal, only two of which require discussion. Spencer claims that the district court erred in denying relief based on: 1) the trial court's exclusion of evidence of third-party culpability for the 1998 firebombing and 2) the trial court's admission of evidence relating to an uncharged 1996 car fire.

Spencer filed his petition after April 24, 1996. Consequently, it is subject to

2

the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. This court reviews *de novo* a district court's denial of a 28 U.S.C § 2254 petition for habeas corpus. *Beardslee v. Woodford*, 358 F.3d 560, 568 (9th Cir. 2004); *Yee v. Duncan*, 463 F.3d 893, 897 (9th Cir. 2006). This court affirms on any ground supported by the record, no matter the district court's reasoning. *Moran v. McDaniel*, 80 F.3d 1261, 1268 (9th Cir. 1996).Under 28 U.S.C. § 2254(d), a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The term "clearly established Federal law" in 28 U.S.C. § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

## I.

Trial court judges are permitted to exclude evidence using "well-established

rules of evidence" if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead a jury. *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006). At trial Spencer attempted to introduce evidence that a third-party, Tracy Wallace, committed the 1998 firebombing while targeting another woman, Renee Martin. Applying California Evidence Code § 352, the state trial court excluded Spencer's evidence of third-party culpability of the 1998 firebombing, and consequently, he was foreclosed defense evidence on the issue.

In general, the exclusion of trustworthy evidence of third-party culpability may be grounds for relief. For example, in *Cudjo v. Ayers*, 698 F.3d 752 (9th Cir. 2012), a state prisoner petitioned for writ of habeas corpus after he was convicted of first-degree murder and other offenses, and he was sentenced to death. His conviction was affirmed on appeal. *Id.* at 759. *Cudjo* held in part that the exclusion of trustworthy and material exculpatory evidence from a capital murder trial was contrary to a Supreme Court precedent regarding a defendant's due process and Sixth Amendment rights to present a defense. *Id.* at 762-63. The error by the California Supreme Court was not harmless, and the case was reversed and remanded. *Id.* at 770.

However, in this case the Wallace evidence was not trustworthy and material.

4

There was strong evidence that Wallace did not know Martin's address at the time of the firebombing. Though there is evidence that Wallace threatened Martin, mere evidence of another person's motive is not sufficient to raise doubts about a defendant's guilt. *See Perry v. Rushen*, 713 F.2d 1447, 1449 (9th Cir. 1983). The court did not abuse its discretion in determining that the probative value of the evidence was outweighed by its likelihood to mislead or confuse the jury.

II.

Spencer argues that the trial court erred in allowing the admission of evidence relating to the uncharged 1996 car fire. Even if we assume that such evidence was irrelevant or prejudicial, this claim would not be grounds for relief. In contrast to Spencer's aforementioned exclusion claim, there has been no clear ruling that the "admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). As there is no Supreme Court authority which has clearly established that the admission of evidence can violate due process, this claim must fail. *See Alberni v. McDaniel*, 458 F.3d 860, 865-67 (9th Cir. 2006).

III.

5

We may quickly deal with Spencer's remaining claims. He files for relief based on his rejected motion for substitute counsel, his requests to represent himself, his removal from the courtroom, the supposed ineffective assistance of his counsel, the supposed bias of the trial judge, and the jury's observation of Spencer in prison clothing. These claims are meritless. Spencer has not shown his counsel to be ineffective. Spencer did not make a timely *Faretta* request. Spencer cannot overcome the presumption of judicial integrity. Spencer waived his right to be present at trial through disruptive behavior. Finally, Spencer refused to change into non-prison clothing for the photograph presented to the jury.

**AFFIRMED.**



***Spencer v. State of California*, Case No. 11-15326**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.